UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION, | MDL NO. 1407 |
| _____ | ORDER DENYING DEFENDANT WALGREENS' MOTION TO DISMISS |
| This document relates to: | |
| *Dunham v. SmithKline Beecham Corporation*, C05-159 | |

This matter comes before the court on a motion filed by defendant Walgreen Company, seeking dismissal of Count I(C) and Count II(C) of plaintiff Claude Dunham's complaint against it. Having reviewed the parties' briefs, the court finds and rules as follows.

Walgreens first seeks dismissal of Count I(C), for strict liability. Walgreens' sole grounds for dismissal is that "under Florida law [] the Doctrine of Strict Liability is not a recognized cause of action against a pharmacist or pharmacy that merely fills or sells a lawfully presented prescription." Defendant's Brief at 3, citing *McLeod v. W.S. Merrell Company*, 174 So.2d 736 (Fla. 1965).

The fatal flaw of defendant's argument is obvious; the medications plaintiff alleges to have caused his injuries were

ORDER
Page - 1 -

purchased over the counter, not by prescription. The cases defendant cites are unequivocally limited to situations involving prescription drugs:

> [The court] should examine the instant record within a narrow orbit circumscribed by the salient facts, which are: (1) an action against a retail druggist; (2) the drug was available only to a limited segment of the public who could present a medical doctor's prescription therefor; (3) the prescription was filled precisely in accordance with its directions, and even then, in the manufacturer's original packet; (4) there was no adulteration; (5) both the patient-purchaser and the retail druggist relied upon the doctor's prescription, rather than upon the druggist's judgment.

*McLeod*, at 738. Defendant glosses over this highly salient distinction between *McLeod* and Dunham's claims, and makes no argument, let alone a persuasive one, that the reasoning of *McLeod* should be applied here.

Defendant commits the same error with respect to its motion to dismiss the negligence claim, Count II(C) of plaintiff's complaint, arguing that "the sole duty owed by a pharmacy to its customers is to properly fill all lawfully presently [sic] prescriptions." Defendant's Brief at 5. Walgreens again cites case law involving only prescription medications. These cases, as discussed above, are clearly inapposite, and defendant makes no effort to argue their applicability to the case at hand.

In the alternative, Walgreens seeks dismissal of Counts I(C) and II(C) on statute of limitations grounds, asserting without any legal support whatsoever that the claims sound in professional malpractice, which enjoys a two-year limitations period under Florida law. Plaintiff responds that its claims for negli-

ORDER
Page - 2 -

gence and strict liability are lodged against Walgreens as advertiser, marketer, promoter, seller and distributor of the allegedly offending over-the-counter medications, not as a pharmacy filling a prescription. Under Florida law, the statute of limitations for claims for product liability and negligence is four years.

Absent any evidence or legal support that these claims relating to over-the-counter medications should be treated as professional malpractice claims, the court finds that the product liability and negligence statutes of limitations should apply. There is no dispute that plaintiff's claims were filed within this period.

For the foregoing reasons, the court hereby DENIES defendant Walgreens' motion to dismiss in its entirety.

DATED at Seattle, Washington this 26th day of April, 2005.

*Barbara J. Rothstein*
BARBARA JACOBS ROTHSTEIN
UNITED STATES DISTRICT JUDGE